Robert SEIFFER et al., Plaintiffs,

v.

TOPSY'S INTERNATIONAL, INC., et al.,
Defendants.

BEAR, STEARNS & CO., et al., Defendants and Third-Party Plaintiffs,

v.

TOUCHE ROSS & CO. et al., Third-Party Defendants.

G. WALKER & COMPANY, Defendant and Third-Party Plaintiff,

v.

G. Kenneth BAUM et al., Third-Party Defendants.

BEAR, STEARNS & CO., et al., Defendants and Third-Party Plaintiffs,

v.

Jerome F. TEGELER et al., Third-Party Defendants.

BEAR, STEARNS & CO., et al., Defendants and Third-Party Plaintiffs,

v.

BRYAN, CAVE, McPHEETERS & McROBERTS, et al., Third-Party Defendants.

Civ. A. No. KC–3455.

United States District Court,
D. Kansas.

June 27, 1974.

Barton P. Cohen, Cohen & Cohen, Overland Park, Kan., Robert C. Gordon, Rich, Granoff & Gordon, Thomas W. Van Dyke, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Sheridan Morgan, Donald H. Loudon, Kansas City, Mo., for all plaintiffs.

Charles S. Schnider, Schnider, Shamberg & May, Shawnee Mission, Kan., Harry P. Thomson, Jr., William B. Prugh, Dennis Palmer, and Robert R.

Raymond, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants Topsy's International, Inc., Jerry D. Berger, James T. House and Harry Nuell.

Martin J. Purcell, John R. Gibson and John R. Bancroft, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, Mo., Willard L. Phillips and John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants Bear, Stearns & Co.; William Blair & Co.; H. O. Peet & Co., Inc.; First of Michigan Corp., Johnson, Lane, Space, Smith & Co., Inc.; Stephens, Inc.; Stifel Nicolaus & Co., Inc.; B. C. Christopher & Co.; Piper, Jaffray & Hopwood, Inc. (successor to Ebin, Robertson & Co., Inc.); Hallowell, Sulzberger, Jenks & Co.; J. N. Russell, Inc.; Hugh Johnson & Co., Inc.; Mark Henry & Co.; Zuckerman, Smith & Co.; Kohlmeyer & Co.; Scherck, Stein & Franc, Inc.; Norris & Hirshberg, Inc.

Martin M. Green, Anderson, Green, Fortus & Lander, Clayton, Mo., for defendant I. M. Simon & Co.

Elsie K. DeVan, Corporate Secretary, for defendant Disbro & Co.

William H. Sanders and Edward Matheny, Jr., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Leonard O. Thomas, Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., for defendant G. H. Walker & Co.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., N. Jack Brown, Boddington, Brown & Unverferth, Kansas City, Kan., for defendant Marvin L. Tucker, Adm. of the Estate of N. J. Sharlip, deceased; Ralph J. Tucker, George H. Charno, Jr., Sidney L. Willens, James P. Jouras and Marvin L. Tucker, d/b/a Tucker, Charno, Willens, Jouras & Tucker, a professional corporation.

William G. Levi and George W. Winger, Smith, Schwegler, Swartzman & Winger, Kansas City, Mo., Robert P. Anderson and Keith Martin, Payne &

Jones, Olathe, Kan., Francis J. Higgins, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendant John D. Crouch, Thomas H. Devine, Jerry B. Jackson, Loren G. Hoffman, Carl Lipoff, Mary J. McCann, Rodney T. Minkin, Robert J. Petsche, and Ben Ruben, and others, d/b/a Touche Ross & Co.

Frank Cicero, Jr. and Tefft W. Smith, Kirkland & Ellis, Chicago, Ill., Blake A. Williamson and Donald A. Hardy, Williamson, Cubbison & Hardy, Kansas City, Kan., for third party defendant G. Kenneth Baum.

David R. Hardy, Gene E. Voights, and Leo P. Dreyer, Shook, Hardy & Bacon, Kansas City, Mo., George A. Lowe, Olathe, Kan., for third party defendants Robert H. McRoberts, Thomas S. McPheeters, Jr., William H. Charles, Arthur B. Shepley, Jr., Marion S. Francis, William C. Connett IV, Thomas V. Connelly, Veryl L. Riddle, Robert G. Brady, George S. Hecker, Robert H. McRoberts, Jr., William D. Crampton, Robert L. Sweney, John J. Goebel, William M. Van Cleave, Edwin S. Taylor, Jerome M. Rubenstein, Joseph F. Mueller, George V. Meisel, I. Jack Lerner, Harold G. Blatt, C. Perry Bascom, Paul P. Weil, Thomas C. Walsh and Frederick W. Scherrer, d/b/a Bryan, Cave, McPheeters & McRoberts.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

Plaintiffs filed their original complaint alleging certain securities act violations, both federal and state, on November 11, 1971. Since that time, plaintiffs have filed several amended complaints, additional parties defendant have been added, cross-claims and third-party complaints have been filed, and extensive discovery has been conducted. All of this is by way of prefacing the issue we reach here: whether or not the plaintiffs should be allowed to maintain this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The court has already denied a motion for an order declaring this action not a class action. (Memorandum and Order of October 2, 1972, p. 8.) Our ruling was conditioned upon (1) a showing that plaintiffs' discovery of the alleged fraud is consistent with the requisite diligence; and (2) assuming such a showing is made, that plaintiffs amend their complaint to define clearly and with particularity the class of plaintiffs they seek to represent. We believe that the amendments to plaintiffs' complaint have satisfied the second condition; hence, we now turn to consider the due diligence issue.

Plaintiffs essentially allege that defendants participated in a scheme to defraud the class they seek to represent in violation of § 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] and of § 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b–5 promulgated thereunder (17 C.F.R § 240.10b–5). We have already determined that the statute of limitations in this private suit for damages under Rule 10b–5 is the Kansas statute of limitations for fraud, K.S.A. 60–513(3), which provides for a two-year period from the date of discovery of the fraud. (Memorandum and Order of October 2, 1972, p. 7.) But the federal tolling doctrine applies in the determination of when plaintiffs, in the exercise of due diligence should have discovered the alleged fraud. Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968); deHaas v. Empire Petroleum Company, 435 F.2d 1223 (10th Cir. 1970). It requires no restatement of the alleged facts of this case and of the relationship of the parties for this court to determine that this is an issue for the trier of fact. Seldom is it possible for such an issue to be determined summarily. Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 F.2d 168 (10th Cir. 1974). The court is therefore satisfied that the conditions previously imposed have been met insofar as is possible at this time. Our

ruling in this regard is applicable to defendant Touche, Ross & Company even though it was not joined as a defendant until October 17, 1973, when plaintiffs' third amended complaint was filed.

In addition to the conditions imposed by the court, Rule 23 establishes several prerequisites for the maintenance of a class action. Firstly, the alleged class of defrauded purchasers must be so numerous that joinder of all members is impracticable. Here the number of persons who purchased Topsy's securities, both common stock and debentures, in the February 4, 1969, offering alone, while difficult to determine with any degree of certainty, may well exceed 1,000. Thus the court believes that this first prerequisite has been satisfied.

Secondly, there must be questions of law or fact common to the class. Inasmuch as the alleged scheme to defraud was designed to inflate the price of Topsy's securities, all of the class members who purchased those securities during the relevant period of time would presumably have been affected, albeit in varying degrees. We will consider later in this memorandum whether the common issues relating to the alleged fraud predominate over individual ones. For now, we conclude that there are common questions of law and fact.

Thirdly, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. This requirement appears to duplicate other provisions of the rule, i. e., the common questions and representative party provisions. 3B Moore's Federal Practice ¶ 23.06–2. In view of our rulings on these other provisions, we hold that the claims of the plaintiffs are typical of those of the class of purchasers who have allegedly been defrauded by defendants' scheme.

Finally, the representative parties must fairly and adequately protect the interests of the class. Plaintiffs seek to represent a class of purchasers of the common stock of defendant Topsy's International from September 28, 1968, to March 10, 1970, and purchasers of the debentures of Topsy's from February 4, 1969 (when they were first offered), to March 10, 1970. These dates roughly coincide with when Topsy's shareholders would have received letters from the company's management announcing the acquisition of SaxonS Sandwich Shoppes, Inc., in September 1968, and announcing the losses from the repurchase of SaxonS units in March 1970. It was during this period of time that defendants are alleged to have maintained an inflated price for Topsy's securities through a fraudulent scheme whereby defendants' public statements painted an overly optimistic picture of the SaxonS operation, when in truth there was no reasonable basis for making such statements. Since the named plaintiffs purchased stock and debentures during this period, we see no reason why they cannot fairly and adequately protect the interests of all those who purchased in that span of time. Even though defendants contend these plaintiffs' purchases were not exactly coextensive with the proposed class, we are of the opinion that there is no inconsistency with the interests of other members of the class who purchased at other times during the relevant period which would prevent the named plaintiffs from representing the whole class. Defendants also specifically challenge the willingness and ability of certain of the named plaintiffs to represent the class, and, further, the ability of the plaintiffs' attorneys to represent the class because of an alleged conflict of interest with a third party defendant. We do not believe these matters of sufficient import to deny certification of the class. We hold that plaintiffs have met all the prerequisites of Rule 23(a).

In addition to the prerequisites of subdivision (a) of Rule 23, plaintiffs must satisfy one of the sections of subdivision (b). Plaintiffs contend that this action falls within (b)(3):

"the court finds that the questions of law or fact common to the members of the class predominate over any

questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

Defendants voice strenuous objections to certification of a (b)(3) type class. Because the list of matters pertinent to the court's findings under (b)(3) is non-exhaustive (Notes of the Advisory Committee Regarding the 1966 Amendment to Rule 23), defendants raise issues which, for the most part, are unique to this kind of 10b–5 action.

■ Defendants first contend that reliance is a necessary element in a 10b–5 action and that this issue is primarily an individual one, citing in particular Financial Industrial Fund, Inc. v. McDonnell Douglas Corp., 474 F.2d 514 (10th Cir. 1973). The element of reliance in 10b–5 cases is usually considered part of the larger issue of causation. Thus, in a case very similar to this, the United States Supreme Court held:

"Under the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision. (Citations omitted.) This obligation to disclose and this withholding of a material fact establish the requisite element of causation in fact. (Citation omitted.)" Affili-ated Ute Citizens v. United States, 406 U.S. 128, 153–154, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972).

We regard the *Affiliated Ute* case as controlling here. See Rochez Bros., Inc. v. Rhoades, 491 F.2d 402 (3rd Cir. 1974); Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 495 F.2d 228 (2nd Cir. 1974); Dorfman v. First Boston Corp., 62 F.R.D. 466 (E.D.Pa.1974); Werfel v. Kramarsky, 61 F.R.D. 674 (S.D.N.Y.1974). Defendants err in thinking that the Tenth Circuit in the *Financial Industrial Fund* case implied any different standard than that set forth in *Affiliated Ute,* where the Supreme Court overruled the Tenth Circuit's restrictive interpretation of the reliance issue in a 10b–5 case. We therefore conclude that reliance is not a bar to plaintiffs' maintenance of a class action.

■ Defendants next contend that there are material differences in the alleged misrepresentations which preclude class action treatment of this suit. On the other hand, it has been suggested that a fraud perpetrated on numerous persons by the use of similar misrepresentations is an appealing situation for a class action. (Notes of the Advisory Committee Regarding the 1966 Amendment to Rule 23.) Despite the fact that the alleged misrepresentations regarding the SaxonS operation appeared in different publications at different times, they all emanated from the defendants as part of the alleged fraudulent scheme to maintain an inflated price for Topsy's securities, and in the opinion of the court they are interrelated and cumulative. Moreover, plaintiffs are primarily alleging a complete failure to disclose material facts—which default was necessarily common to all members of the proposed class. Esplin v. Hirschi, *supra.* Thus we believe the common issues predominate over individual ones insofar as the alleged misrepresentations and omissions are concerned. Parenthetically, we would observe that cases which the de-

fendants have cited such as Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 482 F.2d 880 (5th Cir. 1973), are inapposite because they involve oral misrepresentations.

█ Defendants further contend that the limitations issue makes this case unsuitable for class action designation. The court has previously expressed some misgivings about the propriety of maintaining a class action because of this very issue. Though plaintiffs have convinced the court that their due diligence in discovering the alleged fraud is an issue for the trier of fact (*supra,* p. 2), we must now inquire whether there must be an individual determination of the due diligence issue which would predominate over questions common to the class. If each of the members of the prospective class were required to prove his or her due diligence in discovering the alleged fraud, the individual questions would indeed predominate over the common ones. But we believe a more objective standard could and should be applied; otherwise a class action would never be feasible in a case such as this. The standard should be whether a reasonable investor, in light of the facts existing at the time of the nondisclosure and in the exercise of due care, would have been entitled to receive full disclosure from the party charged and would have acted differently had the alleged nondisclosure not occurred. City National Bank of Fort Smith, Ark. v. Vanderboom, 422 F.2d 221 (8th Cir. 1970). Thus the due diligence issue, which in a case such as this is really an extension of the issue of causation in fact, can be determined by resorting to the same "reasonable investor" test employed by the Supreme Court in the *Affiliated Ute* case, *supra.* It is only by using such an approach that the court is freed from the overwhelming task of examining the subjective intent of each class member. Grad v. Memorex Corporation, 61 F.R.D. 88 (N.D.Cal.1973). We conclude that plaintiffs have satis-fied the requirement that the common issues predominate over individual ones.

Finally, we must decide whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. It has been our view that the class action appears particularly suitable for this kind of shareholder suit. (Memorandum and Order of October 2, 1972, p. 8.) While we are well aware of the potential burden upon the court and jury posed by the maintenance of a class action, our primary task is to see that the securities laws are enforced to protect investors from fraud of whatever magnitude as intended by Congress. Securities and Exchange Commission v. International Chemical Development Corp., 469 F.2d 20 (10th Cir. 1972). Furthermore, it has been said that, "the ultimate effectiveness of [the security anti-fraud laws] may depend on the applicability of the class action device." Loss, Securities Regulation, 2d Ed. 1961, p. 1819. Following Judge Hill's directive in Esplin v. Hirschi, *supra,* that if there is to be any error it should be committed in favor of allowing the class action, we hold that the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

The plaintiffs' motion to strike defendants' supplemental brief has been rendered moot by the court's order herein. The issue of the possible liability of defendant Touche, Ross is not, in our view, properly raised in connection with the class action issue and will not be treated here.

CONCLUSION

The court finds that the requirements of Rule 23 have been met and that this action should proceed as a class action. The court hereby certifies a class of purchasers who bought Topsy's common stock from September 28, 1968, to March 10, 1970, and who bought Topsy's debentures from February 4, 1969, to March

10, 1970, and who suffered a loss as a result of the defendants' alleged misrepresentations and omissions. Notice shall be given to the class pursuant to Rule 23(c)(2), with costs to be borne by plaintiffs. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Our ruling applies only to Count I of plaintiffs' third amended complaint; Count II, the Kansas claims which have not been discussed in this memorandum, shall proceed individually. Plaintiffs' counsel are directed to prepare and submit a journal entry of judgment reflecting the conclusion reached here.

It is so ordered.