Robert HELFAND et al., on behalf of themselves and all others similarly situated, and derivatively on behalf of Cenco, Inc., Plaintiffs,

v.

CENCO, INC., a Delaware Corporation, et al., Defendants.

Nos. 75 C 2227, 75 C 2506, 75 C 2981, 75 C 3394 and 76 C 1085.

United States District Court, N. D. Illinois, E. D.

Oct. 17, 1977.

Lowell E. Sachnoff, Anthony S. DiVincenzo, Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd., Chicago, Ill., Stuart Wechsler, Kass, Goodkind, Wechsler, & Gerstein, New York City, for plaintiff Helfand.

Stanley R. Wolfe, David Berger, Berger & Montague, Philadelphia, Pa., for plaintiffs Cucinotta, Cohen.

Merwin Auslander, Landesman, Schwartz & Auslander, Chicago, Ill., for plaintiff Rothschild.

Francis J. McConnell, McConnell & Campbell, Chicago, Ill. for Drexel Bond Trading Fund.

Charles Pressman, Pressman & Hartunian, Chicago, Ill., for plaintiff Levin.

Lawrence Walner, Chicago, Ill., for plaintiff Logan.

Philip Pierce, Ronald D. Shindler, Booth, Lipton & Lipton, New York City, for plaintiff Merrit.

Lawrence J. Fox, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff subgroup, in-outers.

Law Offices of Louis R. Koerner, Jr., New Orleans, La., for plaintiff Koerner.

Robert A. Skirnick, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiff E. Cohen.

Fred H. Bartlit, Jr., Donald E. Scott, David E. Springer, Kirkland & Ellis, Chicago, Ill., for defendant Cenco, Inc.

Samuel Weisbard, Bruce H. Weitzman, McDermott, Will & Emery, Chicago, Ill., for defendant Seidman & Seidman.

Keith F. Bode, Lynne E. McNown, Jenner & Block, Chicago, Ill., for defendants Strelsin, liaison for outside directors and Estate of Strelsin.

Allan Horwich, Schiff, Hardin & Waite, Chicago, Ill., for third-party defendant Curtiss-Wright Corp.

Ronald Wilder, Roger Price, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for defendant Auman.

Samuel Beck, New York City, for defendant Strelsin (general).

John J. Enright, Jr., Rosemarie J. Guadnolo, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant Marose, Rose Pkg.

Robert N. Caffarelli, Lawrence M. Gavin, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for defendants Spiegel, Swiger.

David D. Krneta, Chisholm & Krneta, Burbank, Ill., for defendant Urso.

John M. Bowlus, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendant Magdovitz.

David E. Beckwith, David J. Hase, Foley & Lardner, Milwaukee, Wis., for defendant Outside Directors.

Stephan C. Shamberg, Robert J. Rubin, Friedman & Koven, Chicago, Ill., for defendant Smith.

William M. Ward, Matthias A. Lydon, Hartigan & Ward, Chicago, Ill., for defendant Van Zelst.

Leon P. Gold, Robert J. Hawley, Shea, Gould, Climenko & Casey, New York City, for defendant Smith.

Reuben A. Katz, pro se.

**4**

Howard A. Tullman, Theodore L. Freedman, Levy & Erens, Chicago, Ill., for defendant Berman.

William E. Ray, William E. Ray, Jr., Minocqua, Wis., for defendant Rabjohns.

Abraham S. Robinson, New York City, for defendant Orner.

Frederick Schmauss, pro se.

Robert D. Glick, Narcisse A. Brown, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for defendant Howard.

Gerald M. Werksman, Chicago, Ill., for defendant Casey.

Edward L. Foote, Kurt L. Schultz, Winston & Strawn, Chicago, Ill., for defendant Read.

Melvin Mishkin, Rothschild, Barry & Myers, Chicago, Ill., Spizz & Gans, Mineola, N. Y., Louis A. Mangone, New York City, for defendants Kahn.

Stephan A. Weiner, Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Executor, Estate of Joseph Weiner.

Elliot D. Woocher, pro se.

Paul L. Perito, Paul L. Lieberman, Perito, Duerk & Carlson, P. C., Washington, D. C., Thomas J. Regan, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for defendants Didriksen.

Martin M. Ween, Kroll, Edelman, Elser & Wilson, New York City, for insurance companies.

Lowell E. Sachnoff, Nathan H. Dardick, Sachnoff, Schrager, Jones & Weaver, Chicago, Ill., for plaintiff class.

Robert Dunn Glick, Chicago, Ill., for defendant Thomas Howard.

Fred H. Bartlit, Jr., David E. Springer, Donald E. Scott, Melvin S. Adess, Kirkland & Ellis, Chicago, Ill., for defendant Cenco, Inc.

Mitchell S. Rieger, William A. Montgomery, Allan Horwich, Schiff, Hardin & Waite, Chicago, Ill., for defendant Curtiss-Wright Corp.

Koerner & Babst, Louis R. Koerner, Jr., New Orleans, La., for plaintiffs in No. 75 C 3394.

Keith F. Bode, Lynne E. McNown, Joseph G. Bisceglia, Jenner & Block, Donald E. Scott, Chicago, Ill., for defendants in No. 75 C 3394.

David Berger, Philadelphia, Pa., Lawrence H. Eiger, Fortes, Eiger, Epstein & Skirnick, Chicago, Ill., for plaintiffs in No. 76 C 1085.

Leon E. Lindenbaum, Walsh, Case & Coale, Thomas P. Sullivan, Jenner & Block, Chicago, Ill., for defendants in No. 76 C 1085.

Specks & Goldberg, Ltd., Lawrence Walner & Associates, Ltd., Chicago, Ill., for plaintiffs in No. 75 C 2506.

Leon E. Lindenbaum, Robert O. Case, Ralph E. Brown (Seidman & Seidman) Samuel Weisbard, Bruce H. Schoumacher, Byron L. Gregory, McDermott, Will & Emery, Fred H. Bartlit, Jr., Donald E. Scott, Kirkland & Ellis, Chicago, Ill., Jenner & Block, Chicago, Ill., for defendants in No. 75 C 2506.

Booth, Lipton & Lipton, New York City, for plaintiffs in No. 75 C 2981.

Kaye, Scholer, Fierman, Hays & Handler, New York City, Read & Stelsin, Jenner & Block, Chicago, Ill., for defendants in No. 75 C 2981.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Plaintiffs in the above consolidated cases [1] have presented to the Court a joint motion for determination of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.[2]  All of these damage ac-

1. These cases are part of a larger number of cases recently consolidated before this Court under Multi-District Litigation No. 291, pursuant to the order of the Judicial Panel on Multi District Litigation dated July 25, 1977.

2. Plaintiffs were granted leave to strike the alternative request for certification under Rule 23(b)(1) on February 10, 1977.

tions are brought to enforce rights created by the federal securities regulations and the common law.[3] The plaintiffs have alleged that defendants made certain false and misleading statements to the public and engaged in or permitted the consummation of a fraudulent course of conduct in connection with the preparation, certification and publication of certain financial statements of the corporate defendant, Cenco, Inc. (Cenco). The particular focus of these actions is on alleged violations of Section 10 of the Exchange Act and Rule 10b–5, which were part of a pervasive and deceptive scheme to manipulate the market price of Cenco securities during the period pertinent to this motion for class certification. The plaintiffs charge that inventory manipulation, altered sales figures and fictitious leasing agreements all were part of a common plan to falsify corporate financial information. The defendants are the corporation itself, the accounting firm of Seidman and Seidman, and various individuals who were previously officers or employees of Cenco. Since June, 1975, when stock trading was suspended, new management has assumed control of the company and reports to shareholders have contained information about the past wrongful conduct within the corporation.

3. Sections 9, 10(b), 14(a), 18 and 20 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78i, 78j(b), 78n(a), 78r and 78t] and Rules 10b–5 and 14a(9) promulgated under the Act by the Commission [17 C.F.R. 240, 10b–5 and 14a(9)]. Jurisdiction is based on Section 27 of the Act [15 U.S.C. § 78aa] for the First, Second, and Third causes of action and on Section 27, 28 U.S.C. § 1332 and the principle of pendent jurisdiction for Count Four (common law fraud) and Count Five (derivative claims).

4. Rule 23 provides in pertinent part:
(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

We are urged to certify a class on the basis of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure [4] defined as follows:

All persons and entities who purchased shares of Common Stock of Cenco, shares of Preferred Stock of Cenco convertible into Cenco Common Stock and Cenco convertible Notes and Debentures on or after May 1, 1970, through June 24, 1975, and who either sold such securities at a loss or continue to hold such securities at a loss. Excluded from the class are the individual defendants and members of the immediate family of each of the individual defendants.

There are a number of factors which must be given careful attention in consideration of this motion. At the outset recognition must be given to a strong policy favoring class actions in securities fraud actions. *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 26 (7th Cir., 1975). Private actions under the securities regulations can be effective deterrents against corporate wrongdoers as well as an additional method of fostering the disclosures mandated by the law. *Blackie v. Barrack*, 524 F.2d 891 (9th Cir., 1975); *Green v. Wolf Corporation*, 406 F.2d 291 (2nd Cir., 1968). Moreover, because individual claims are often small, the class action is a useful tool for investors who seek to litigate similar issues.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(3) the court finds that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the following include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.
28 U.S.C. § 23 (1970), as amended.

**6**

This does not mean that at this point in the litigation the Court may make any inquiry into the merits of the suit; indeed, such inquiry has been specifically forbidden. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177–178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Defendants may, however, preserve a protective shield against a plaintiff class, for if the defendant prevails on the merits after certification, *res judicata* will insulate against future actions by unnamed class members; but if no class is approved, another plaintiff may bring a similar action. *Jimenez v. Weinberger*, 523 F.2d 689 (7th Cir., 1975).

Our initial examination concerns two implied prerequisites for class certification: first, that there be a true class, not just a disparate group, and second, that the plaintiffs seeking to become the representatives be authentic members of the proposed class. In the matter before us, there is clearly a class which is reasonably ascertainable by objective criteria. Persons who were or are now stockholders of Cenco, and therefore may be within the bounds of this proposed class, can be easily identified from corporate records so that they may be notified according to the provisions in Rule 23(c)(2). The issue of whether the proposed plaintiff representatives are members of the class raises a quasi-standing requirement. The named plaintiffs come within the time framework of the suggested stockholder class, and thus all have the minimum attributes of membership at this initial stage, though the adequacy of their representation must be examined more fully under the specific directives of Rule 23(a)(4).

Numerosity [Rule 23(a)(1)], the first of the absolute requirements for class certification, is clearly met in this case. It is undisputed that the proposed plaintiff class is comprised of thousands of geographically diverse constituents and thus consists of a sufficient number of persons to make joinder impracticable. Cenco's Form 10–K filed with the SEC for the year ending December 31, 1975, reported approximately 15,000 holders of publicly traded securities; it is estimated that the inclusion in the class of previous holders could expand this number to 20,000 or 25,000 persons. This number is plainly beyond the minimum of 25–50 individuals necessary for certification. *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir., 1969); *Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164 (S.D.N.Y.1968).

Commonality in questions of law and fact [Rule 23(a)(2)] is the second prerequisite, which is not to be confused with the problem of predominance imbedded in Rule 23(b)(3). Both common questions of law and common questions of fact are present in this case, although it is our understanding that this requirement would be met if there was a common question of *either* law or fact. In this instance, common questions of fact include the existence, nature, extent and materiality of the alleged misleading statements in the Cenco financial reports, and the common questions of law are directed to the existence and liability of the defendants to the class.

The typicality requirement [Rule 23(a)(3)] of similar claims and defenses is partially subsumed under the issue of adequacy of representation [Rule 23(a)(4)], which is a more appropriate place for discussion of unique defenses as a disqualification for a class representative. However, it is apparent now that the claims of the named parties for damages as a result of the various alleged acts and misrepresentations of the defendants do satisfy this provision. *Affiliated Ute Citizens v. U. S.*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Green v. Wolf Corporation*, 406 F.2d 291 (2nd Cir., 1968); *In Re Memorex Security Cases*, 61 F.R.D. 88 (N.D.Cal.1973), *Guarantee Ins. Agency Co. v. Mid-Continental Realty Corp.*, 57 F.R.D. 555 (N.D.Ill., 1972).

Adequacy of representation [Rule 23(a)(4)] is, in the view of this Court, one of the most significant prerequisites to a determination of class certification. Adequate representation embodies a crucial due process requirement and is not a smokescreen, as contended by plaintiffs. It is im-

perative that this requirement be stringently applied since there could be a collateral attack after judgment if the interests of the members of the class were not vigorously and competently prosecuted. *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir., 1973). Furthermore, during the course of litigation it is important that there be as much agreement and harmony among the class as possible so that the proceedings may move smoothly forward. A continuous monitoring of this issue will be an on-going concern of this Court.

■ Our consideration goes both to the qualifications of named counsel to handle the suit as well as to the common interests which individual parties share with unnamed members of the class. These cases are now being coordinated by a Committee of Plaintiffs' Counsel which is served by very experienced and competent lead and liaison counsel. We are convinced that they will thoroughly and diligently pursue all of the complexities of this developing case.

*Louis and Peggy Koerner*

■ There is a significant problem in connection with the adequacy of Louis and Peggy Koerner as possible class representatives. Koerner bought debentures in mid-1972 and sold them at a loss in mid-1973; his wife owns some stock in her own name and also bought and sold debentures. The attorney of record for both these Louisiana residents is their son, a New Orleans attorney. The potential conflict of interest between their representation of the class and the financial benefit which would accrue to a close relative from an apportionment of fees generated by these actions disqualifies them as class representatives at this time. See *Flamm v. Eberstadt*, 72 F.R.D. 187 (N.D.Ill., 1976), particularly the discussion at 188–89, aff'd sub nom. *Susman v. Lincoln American Corp., et al.*, 561 F.2d 86 (7th Cir., 1977). Though this disability relating to the Koerners might be dispelled if they sought new counsel, their general lack of knowledge concerning any aspects of the suit does not demonstrate the sufficient strength required of a class representative. According to their deposition testimony, Mr. Koerner did not know that he was a plaintiff in this suit nor had he ever read the complaint, and Mrs. Koerner relied on the judgment of her son and husband and admitted that she did not even know the nature of the "hanky-panky" at Cenco. Therefore, neither Mr. nor Mrs. Koerner is an adequate class representative.

*Robert Helfand, David Logan and E. Cohen*

■ Challenges to the adequacy of Robert Helfand, David Logan, and E. Cohen as class representatives are all based on the purported paucity of their personal knowledge about the allegations of the class complaint and on the fact that they all purchased Cenco securities either late in 1974 or in 1975 when the market prices were already depressed. Helfand, a New York citizen, bought 100 shares of stock in late 1974 at $2.00–$2.50 per share; his explicitly stated grievance is that suspension of trading in Cenco stock deprived him of the opportunity to sell at a profit, and he thinks that he represents a class of all "stockholders who are stuck with Cenco stock." The Illinois plaintiff, Logan, a more sophisticated investor who spends four hours a day consulting with brokers and investment counsellors, bought 1000 shares of stock at $5 on August 23, 1974 and sold it only 5 weeks later for $4. He studies a wide variety of publications and testified that he even talked to someone at Cenco about figures in the annual report before making his decision to buy. This direct oral communication with Cenco when combined with the brief duration of his status as a Cenco shareholder would create special problems if Logan were to be a class representative. Defenses available against his claim would obscure the common class allegations of the complaint. E. Cohen of Pennsylvania purchased subordinated debentures in February, 1974, but he also seemed unclear when deposed as to either the dimensions or implications of this suit. None of these three men can be endorsed as adequate representatives, for it appears that they have abdicated any role in the case beyond that of furnishing their names as plaintiffs.

*The class is entitled to more than blind reliance upon even competent counsel by*

*uninterested and inexperienced representatives. A proper representative can offer more to the prosecution of a class action than mere fulfillment of the procedural requirements of Rule 23. He can, for example, offer his personal knowledge of the factual circumstances, and aid in rendering decisions on practical and nonlegal problems which arise during the course of [the] litigation. An attorney who prosecutes a class action with unfettered discretion becomes, in fact, the representative of the class. In Re Goldchip Funding Co. v. 20th Century Corp., 61 F.R.D. 592, 594-95 (M.D.Pa.1974).*

### Sonny Merrit

■ Sonny Merrit, a New York executive with responsibilities for finance and production in a garment manufacturing firm is a far more concerned and knowledgeable stockholder. He initially purchased 200 shares of Cenco stock at $24 per share in November, 1972, for an account in his wife's name over which he held power of attorney and for which he did all the actual trading; he then bought another 1000 shares at about $4 per share in joint tenancy in February, 1975 in an attempt to average out the value of his family holdings. He has specifically stated that he read a prospectus for Cenco and that over the years he surveyed the annual reports and was cognizant of earnings and diversifications within Cenco. Furthermore, he contacted his broker and then a law firm immediately after he read in the Wall Street Journal of the suspension of trading in Cenco stock in June, 1975. The class action suit which was filed at his request on June 27, 1975 in New York was subsequently transferred to this district for consolidated proceedings. Although he has entrusted many tactical decisions in regard to the case to his attorneys and their Chicago liaison counsel, he has kept up with the developing case, has read the complaints, knows of the defendants and the other plaintiff parties, and has indicated his willingness to assume responsibility for the costs. His Cenco transactions also are more clearly related to the time span demarcated in the class definition. Mr. Merrit, therefore, is an adequate representative of the class and is designated to assume that capacity at this time.

Finally, the particular requirements of Rule 23(b)(3) must be scrutinized to ascertain whether or not they are fulfilled by the allegations of this complaint. In order to certify this class, common questions of law or fact must predominate over individual issues, and a class action must be superior to other methods of adjudicating the controversy.

■ On the issue of predominance, defendants argue that individual issues of reliance, problems revolving around the statute of limitations and ascertainment of damages create an insuperable barrier to class certification. We cannot agree with those contentions, but align ourselves with the many jurisdictions which have held that individual issues of reliance do not thwart class actions. *Blackie v. Barrack*, 524 F.2d 891 (9th Cir., 1975); *Korn v. Franchard Corporation*, 456 F.2d 1206 (2nd Cir., 1972); *Green v. Wolf Corporation*, 406 F.2d 291 (2nd Cir., 1968). Even more specifically, the Supreme Court has held in a 10b-5 case:

*Under the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision. Affiliated Ute Citizens v. U. S., 406 U.S. 128, at 153-54, 92 S.Ct. 1456, at 1472, 31 L.Ed.2d 741 (1972).*

This policy has been expanded to the extent that some courts have not required the establishment of reliance in a 10b-5 action when the material omissions occurred in an open market situation. *See Competitive Ass'n Inc. v. Laventhol, Krekstein, Horwath and Horwath*, 516 F.2d 811 (2nd Cir., 1975); *Chris-Craft Industries, Inc. v. Piper Aircraft Corp.*, 480 F.2d 341 (2nd Cir., 1973); *Tucker v. Arthur Andersen and Co.*, 67 F.R.D. 468 (S.D.N.Y.1975). Only *Pearson v. Ecological Science Corp.* [1973] Fed.Sec.L. Rep. ¶ 94,030 (S.D.Fla., 1973) holds that the

issue of reliance in a 10b–5 suit forecloses class certification, and we reject that position in light of a majority of opinions favoring class action in this situation.

The fact that in this case the plaintiff has also alleged misrepresentations does not alter this result, because it is claimed that these interrelated and cumulative misrepresentations were contained in a series of written documents which demonstrate the existence of a continuing course of unlawful conduct. Thus class certification is still a viable device. *Simon v. Westinghouse Elec. Co.,* 73 F.R.D. 480 (E.D.Pa. 1977), *Weiss v. Drew National Corporation,* 71 F.R.D. 429 (S.D.N.Y.1976); *Aboudi v. Daroff,* 65 F.R.D. 388 (S.D.N.Y.1974); *In Re U. S. Financial Securities Litigation,* 64 F.R.D. 443 (S.D.Cal.1974); *Siegal v. Realty Equities Corp.,* 54 F.R.D. 420 (S.D.N.Y. 1972). Even if proof of non-reliance could conceivably provide a defense as to the particular damage claims of a class member, that question could be resolved following determination of all the common issues of law and fact. *Green v. Wolf Corp.,* 406 F.2d 291 (2nd Cir., 1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *Korn v. Franchard Corp.,* 456 F.2d 1206 (2nd Cir., 1972); *Feder v. Harrington,* 52 F.R.D. 178 (S.D.N.Y.1970).

The defendants also advance once again the contention that the inclusion in the complaint of claims made under §§ 9 and 18 of the Securities Exchange Act of 1934 [15 U.S.C. § 78i (manipulation of security prices) and § 78r (liability for misleading statements)] mandate individual treatment, not the granting of class status. However, the Seventh Circuit has held that the remedies provided by and under the securities acts are cumulative and not mutually exclusive. *Schaefer v. First National Bank of Lincolnwood,* 509 F.2d 1287 (7th Cir., 1975), *cert. denied* sub nom. *Rodman and Renshaw v. Schaefer,* 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976); *Jordan Building Corporation v. Doyle, O'Connor and Co.,* 401 F.2d 47 (7th Cir., 1968). Thus, if allegations in the pleading contain elements of violation of more than one regulation, the plaintiffs' claim may be made under one or several of the sections.

The defendants' concern over the applicable statute of limitations is misplaced. It is elementary that the statute of limitations for 10b–5 and related securities is tolled during any period of fraudulent concealment. *Tomera v. Galt,* 511 F.2d 504 (7th Cir., 1975); *Puttkammer v. Stifel, Nicholaus and Co., Inc.,* 365 F.Supp. 495 (N.D. Ill., 1973). By applying the reasonable investor test of the Supreme Court, this issue can be more objectively resolved. *Schnorbach v. Fuqua,* 70 F.R.D. 424 (S.D.Ga., 1975); *Seiffer v. Topsy's International, Inc.,* 64 F.R.D. 714 (D.Kan., 1974); *Grad v. Memorex Corp.,* 61 F.R.D. 88 (N.D.Cal. 1973).

And, it is crystal clear by this time that individual damage issues do not disturb class status. Advisory Committee's Note, Proposed Rules of Civil Procedure, Rule 23, 39 F.R.D. 69, 103 (1966).

Finally, we are persuaded that a class action under Rule 23(b)(3) is superior to other alternative methods of adjudicating these claims. Almost all of the suits currently pending against the Cenco defendants have been transferred to this Court pursuant to 28 U.S.C. § 1404(a) or have been consolidated here under 28 U.S.C. § 1407 by the Judicial Panel on Multi-District Litigation. It is likely that other "tag-along" cases will follow. We are familiar with the issues in the litigation and the facts as they are unfolding in the discovery phases of these civil damage actions, as well as the SEC enforcement action (76 C 3258) which is also on our calendar. Nor is the manageability of this litigation a serious problem. If cast adrift to pursue their remedies individually, many small investors would have to abandon all possibility of any satisfaction for the allegedly wrongful and fraudulent conduct of the defendants. We are confident that all parties involved will work together with the Court in developing efficient methods for resolving these claims. In this spirit, we suggest that the notice mandated by Rule 23(c)(2) be a cooperative venture. Notice to all current stockholders could be provided most economically in one of the mailings periodically sent by Cenco. Since the representative of the plaintiff

class has indicated his willingness to assume mailing expenses, perhaps he could underwrite notice to those who sold their shares during the relevant period. Each potential class member may thus be given the opportunity to "opt-out" of the class and preserve his own claim for later litigation.

■ Count Four alleges state common law fraud claims on the basis of pendent jurisdiction. Defendants rely on Judge Robson's opinion in *Seiden v. Nicholson,* 69 F.R.D. 681 (N.D.Ill.1976) to support their contention that a class should not be certified for this claim. They assert that the predominance of individual issues negates class treatment of the fraud allegations. However, after the *Seiden* ruling, the Supreme Court held in *Ernst and Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) that scienter was a necessary element in a claim for relief under Rule 10b–5; thus, there is no longer a scienter-negligence dichotomy between a Rule 10b–5 claim and a common law fraud action. Though other areas of divergence may develop during the progress of the litigation, we see no immediate inconsistency in conditional certification of a class for these claims at this stage of the proceedings. The propriety of asserting pendent jurisdiction over these claims will, of course, remain open throughout the litigation.

■ The derivative claim (Count V) of this complaint may also stand at this time. This pleading is advanced in the alternative, and is not inconsistent with class certification, although some difficulties might arise at a future stage during the construction of remedies. There is no present indication that the class representative would prosecute these claims with any less vigor than those growing out of the securities laws. *Schlick v. Penn-Dixie Cement Corp.,* 551 F.2d 531 (2nd Cir., 1977); *Phillips v. Tobin,* 548 F.2d 408 (2nd Cir., 1976)

Therefore, we certify the class for Counts I–IV of the Complaint as follows:

All persons and entities who purchased shares of Common Stock of Cenco, shares of Preferred Stock of Cenco convertible into Cenco Common Stock and Cenco convertible Notes and Debentures on or after May 1, 1970, through June 24, 1975, and who either sold such securities at a loss or continue to hold such securities at a loss. Excluded from the class are the individual defendants and members of the immediate family of each of the individual defendants.

We further hold that Sonny Merrit shall be the named class representative and that Cohen, Helfand, Logan and the Koerners cannot at this time be accepted as adequate class representatives.

Pursuant to Rule 23(c)(1) we note that this order of class certification is conditional and may be altered or amended before the decision on the merits. It is within the contemplation of the Court that additional worthy plaintiffs may be suggested to augment the representation of the class, or that sub-classes may be enumerated before judicial resolution.