David MASSENGILL, a minor, by his mother and next friend, Rosa Massengill, individually and on behalf of all others similarly situated, Plaintiffs,

v.

BOARD OF EDUCATION, ANTIOCH COMMUNITY HIGH SCHOOL; Robert Linblad, President, Betty Meyer, Howard Bonner, Charles Forster, Frank Johnson, Glen Moore and Tyony Starcevic, individually and in their capacity as members of the Board of Education of Antioch Community High School: Warren Polley, individually and in his capacity as Superintendent of Antioch Community High School; Arthur Blecke, individually and in his capacity as Principal of Antioch Community High School, Peter Pekkarinen, individually and in his capacity as Assistant Principal of Antioch Community High School, and William Seeman, individually and in his capacity as Dean of Students of Antioch Community High School, Defendants.

No. 79 C 319.

United States District Court,
N. D. Illinois, E. D.

Sept. 24, 1980.

Joseph Moscov, Waukegan, Ill., Bernard H. Shapiro, Prairie State Legal Services, Inc., Rockford, Ill., for plaintiffs.

Richard G. Smolev, Richard A. Makarski, Chapman & Cutler, Chicago, Ill., Larson & Gantar, Antioch, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This action was brought seeking a determination that the suspension and expulsion policies of Antioch Community High School deprive students of their due process rights to receive adequate notice and hearing. Plaintiffs have moved to certify a class pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Plaintiff, a high school student, requests certification of a class composed of all high school students subject to the disciplinary rules of Antioch Community High School (ACHS) during the 1978–79 school year. He also requests certification of a subclass consisting of those students punished for truancy during the same year. Jurisdiction is invoked under 28 U.S.C. § 1343(3).

David Massengill has a history of misbehavior at Antioch Community High School. In his first year, 1977–78, he failed to attend registration and received a failing grade for the first semester because of continued unexcused absences. He started his second year, 1978–79, on probationary status. He again missed registration and was repeatedly absent from school. The school according to its rules [1] disciplined David by requiring him to attend Supervised Quiet Study Hall or by suspension.

David's mother, Rosa Massengill, was aware of her son's continued absences from school. However, she took no action until threatened with a fine for her son's truancy. During the 1978–79 school year, the school sent many letters to Mrs. Massengill concerning her son's behavior and suspensions. She was requested to contact the school for a conference. She failed to take any action in response to most of the letters, despite the fact that suspension would continue until a conference was arranged. [2]

In December, 1978, David committed an insubordinate act [3] for which he was suspended. Mrs. Massengill was again notified of the suspension but did not take action. On January 4, 1979, David was expelled from the school for the remainder of the year. He was reinstated on February 1, 1979 because of defects in the Board Hearing. After reinstatement, he was suspended eleven times for unexcused absences. Mrs. Massengill was informed of each suspension but took no action until she filed this action.

In order to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the class must satisfy all the requirements of 23(a) and must qualify under one of the categories of 23(b). Section (a) has four requirements: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4) the representative parties will fairly and adequately protect the interests of the class. If these threshold requirements are not satisfied, the class will be denied.

■ There is no specific number necessary to meet the numerosity requirement.

---

1. Each student was given a copy of the school rules in their student handbook.

2. The standard phrase in the suspension notification letters is "_____ has been suspended until a successful conference is held between the Dean, the child, and at least one parent."

3. David, when asked by his bus driver to present his school i. d., displayed a card that read "Have a nice day asshole".

The class must be of a size that renders joinder impractical, but not necessarily impossible. *Union Pacific R.R. Co. v. Woodhal*, 308 F.Supp. 1002 (D.Mont., 1970). Courts have certified a class with as few members as thirteen, *Dale Electronics, Inc. v. R.C.L. Electronics, Inc.*, 53 F.R.D. 531 (D.N.H.1971), and have denied certification where the class was numerous but its composition made it amorphous, *Eisman v. Pan American World Airlines*, 336 F.Supp. 543 (E.D.Pa.1971). Numbers alone are not dispositive, *Miller v. Central Chinchilla Group, Inc.*, 66 F.R.D. 411 (S.D.Iowa, 1975). Instead, each class must be examined with respect to its particular circumstances. *Arkansas Ed. Assoc. v. Board of Education*, 446 F.2d 763 (8th Cir. 1971).

The burden is upon the one asserting the class to show a reasonable estimate of the numbers of the class. 3 B *Moore's Federal Practice* ¶ 23.05(3) (2d ed. 1979). Plaintiff claims the class is all of the high school students subject to the disciplinary rules of the school and a subclass of those punished for truancy. Statistics produced by the plaintiff show there were 1978 students at ACHS for the 1978–79 school year. Of these students, 334 were suspended, 5 were expelled and 126 were punished for truancy. As a general rule, joinder of over one hundred people is impractical. *Newburg, Class Actions*, § 1105b (1977).

Rule 23(a)(1), however, does not exist in isolation. It must be construed with respect to the other requirements, in particular 23(a)(2) which requires that the class share common issues of law or fact. See, *Newburg, Class Actions*, § 1110 (1977). When the present class is examined in terms of Rule 23(a)(2), plaintiff does not share common issues of law or fact with a group numbering in the hundreds.

■ In order to comply with Rule 23(a)(2) there must be at least one common element of law or fact between all the class members. *Newburg, Class Actions*, § 1110a (1977). Factual circumstances may vary providing one common element binds the class. *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971). In this case such an element is non-existent. The students of ACHS are subject to the disciplinary rule only if their behavior goes beyond certain proscribed limits. Therefore, the common element, the application of the rule, does not exist with respect to the alleged class because not every student will act in such a manner that invokes the rules. Furthermore, the rules may be invoked for a variety of reasons. Students may be suspended or punished for reasons "limited only by the varieties of misbehavior their ingenuity can devise." *Banks v. Board of Instruction*, 314 F.Supp. 285, 288 (S.D.Fla.1970). This variety of factors means there may be many claims and an equal number of defenses. This precludes a finding of commonality. *Caldwell v. Craighead*, 432 F.2d 213 (6th Cir. 1970), *Lowery v. Adams*, 344 F.Supp. 446 (W.D.Ky.1972), *Banks v. Board of Instruction*, 314 F.Supp. 285 (S.D.Fla.1970). Thus, there is no common element of law or fact present for the general class but it does exist for the alleged subclass consisting of those students already punished for truancy. However, all the requirements of Rule 23(a) must be satisfied before the class is certified. *Metropolitan Area Housing Alliance v. United States Department of Housing and Urban Development*, 69 F.R.D. 633 (N.D.Ill.1976). Therefore, the remaining requirements, which concern the class representative, must be examined before a determination may be rendered for the subclass.

■ The last two elements of Rule 23 focus on the required attributes of the class representative. This party must have claims typical of those of the class as a whole, 23(a)(3), and must be able to fairly and adequately represent the class, 23(a)(4). Although the difference between those two provisions is not crystal clear, there is a distinction, *Ridgeway v. Int. Brotherhood of Electrical Workers, Local No. 134*, 74 F.R.D. 597 (N.D.Ill.1977). For example, typicality does not guarantee adequate representation. *Amos v. Board of Directors of Milwaukee*, 408 F.Supp. 765 (E.D.Wis.1976).

The decision here depends on the adequacy of representation. As stated previously

by this court, "adequacy of representation is the key to the integrity of class litigation, not only in pragmatic terms of the efficiency and thoroughness of the proceedings but far more importantly in relation to the fair and just resolution of the dispute." *Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698, 701 (N.D.Ill.1978). Therefore, the courts should carefully scrutinize the adequacy of representation in all class action cases. *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668 (9th Cir. 1975).

■ Two elements frequently employed to determine adequacy of representation are the skill of the attorney to prosecute the case and the lack of conflict between the interests of the representatives and those of the class. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968). However, adequacy of representation goes beyond these two elements and depends on all the circumstances of each case. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3rd Cir. 1975). It is necessary to determine if any antagonistic interests exist, but equally important is the stature of the representative. "Such a representative serves as a guardian of the interests of the class and because of this fiduciary relationship he must be held to a high level of responsibility." *Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698, 701 (N.D.Ill.1978). Therefore, in determining the adequacy of the representation, personal characteristics of the representative and his counsel may be examined. *Amos v. Board of Directors of City of Milwaukee*, 408 F.Supp. 765 (E.D. Wis.1976).

■ After a review of the circumstances in this case, it is evident that there are several factors which render the representative parties inadequate. Plaintiffs, as fiduciaries of the class, do not meet the high level of responsibility imposed on every class representative. As a guardian of others' constitutional rights, the representative should not be only capable but responsible. Neither David nor Rosa Massengill have manifested the requisite ability to represent the class or pursue this litigation with diligence.

David was repeatedly absent from school giving as an excuse that he "didn't feel like coming into school," (Trans. 5, 16) nor did he make any positive attempts to solve his problems with ACHS. His solution was to avoid the school, as he stated, "I didn't feel like it was worthwhile going to school because if I had to go through all that trouble, people didn't seem like they cared, so I didn't care ... I wasn't getting an education, I can find better things" (Trans. 28). These comments do not demonstrate that he will see the action to its conclusion. Acting as a class representative demands time and effort which he may find, as he did with his education at ACHS, not worth his while.[4]

Nor is Rosa Massengill, who brings this action as her son's next friend, an adequate representative. She has demonstrated little concern towards her own son's education. The record shows Mrs. Massengill made few attempts to persuade her son to attend school. She frequently ignored the school's requests for conferences concerning David's behavior. The reasons given for her inaction were that it was a wasted effort on her

---

4. Since the filing of this action, David Massengill has been expelled from ACHS for the remainder of the 1979–80 school year. Upon an order issued by Magistrate Sussman, David is engaged in a self study course offered through the University of Nebraska. Defendant, therefore, asserts plaintiff is no longer an adequate representative because his relation with ACHS has been terminated. This argument is not tenable for two reasons. First, in school cases where records of disciplinary action have been kept, the existence of such records stops the action from becoming moot. This is to prevent the unjust occurrence of any "collateral conse-

quences" arising from information on the records that could possibly harm the student in the future. *Sullivan v. Houston Independent School District*, 307 F.Supp. 1328 (S.D.Tex. 1969).

Second, as argued by plaintiff, his relationship with ACHS has not been permanently terminated. His self study courses, as ordered by Magistrate Sussman, are supervised by a representative of ACHS. Furthermore, the expulsion applies only to the 1979–80 school year. David could be reinstated after this year. Thus, the expulsion, itself, does not render this action moot.

part and she did not want to miss work. Her lack of responsibility toward David's education does not demonstrate an ability to be a fiduciary for the rights of other students.

■ Furthermore, a representative is not expected to have the legal insight of an attorney but there is an expectation of a "minimal level of interest in the action." *Sullivan v. Chase Investment Services of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D.Cal. 1978). Mrs. Massengill demonstrated a limited awareness about the class at issue. Her testimony shows she believed the class to be composed of students suspended several times. However, she was not certain if students suspended for drug violations were included, nor did she know if any other suspended students' parents had received notification of a pending conference. (Trans. 51). Since an alleged due process violation is the basis of this action, notification about hearings is an important issue of the case. A representative, held to a standard of minimal awareness about the class, should at least be knowledgable of the essential issues of the case. There should also be an awareness of the basic composition of the class. Rosa Massengill does not demonstrate such a level of awareness concerning the class she purports to represent and therefore is not an adequate class representative.

Thus, because the proposed class and subclass do not meet the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure, the motion for class certification is denied.