Roger L. **BOROWSKI**, Daniel Burba, Frances R. Burba, Paul T. Giffey, James Katocs, Dennis Misner, Lester Van Essen, Daniel E. Weber, Robert O'Keefe, and Charles Seaton, individually and on behalf of all others similarly situated, Plaintiffs,

v.

The **CITY OF BURBANK**, an Illinois Municipal Corporation, John J. Fitzgerald, William J. Flaherty, John L. Pyle, Thomas J. Roach, Frank J. Radochonski, Lester R. Soliday, Daniel P. Sukel, Eugene O. Mason and Robert Herrmann, Defendants.

No. 82 C 5578.

United States District Court, N.D. Illinois, E.D.

Feb. 16, 1984.

James C. O'Connell, LaGrange, Ill., Craig E. Anderson, Jacobson, Brandvik & Anderson, Chicago, Ill., for plaintiffs.

Vincent Cainkar, Louis Cainkar, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

This is a class action challenging the constitutionality of a Burbank, Illinois ordinance that regulates Amateur and Citizens Band Radio Service communications. Before this Court is the plaintiffs' motion for class certification. For the reasons stated herein, the plaintiffs' motion for class certification is granted.

This action is brought by ten individuals on behalf of themselves and all others similarly situated. The plaintiffs are all residents of Burbank, Illinois and are licensed

by the Federal Communications Commission (FCC) in the Amateur Radio Service and/or the Citizens Band Radio Service, as authorized by the Communications Act of 1934, 47 U.S.C. § 151, *et seq.* Each of the plaintiffs operates or maintains a licensed Amateur Radio or authorized Citizens Band Radio station within the City of Burbank, Illinois.

The class that plaintiffs seek to represent consists of all residents of the City of Burbank, Illinois who hold operator and station licenses issued by the FCC in the Amateur Radio Service or Citizens Band Radio Service and who operate or maintain a radio station licensed or authorized by the FCC in either Service within the corporate limits of Burbank, Illinois. Plaintiffs estimate that the class consists of approximately 52 licensed Amateur Radio Service operators and in excess of 200 licensed or authorized Citizens Band Radio Service operators and stations.

The ordinance in question was enacted by the City of Burbank, Illinois and regulates radio frequency interference and the size, location and height of Amateur Radio and Citizens Radio Service antennas. The ordinance is challenged on its face and as applied. The complaint alleges two specific factual instances illustrating the unconstitutionality of the ordinance as applied.

Plaintiffs' complaint requests declaratory and injunctive relief. Plaintiffs have moved to have this Court certify the proposed class and to allow this suit to be maintained as a class action pursuant to Fed.R.Civ.P. 23(b)(2).

In order to be certified under Rule 23, a class action must satisfy all of the requirements of Rule 23(a) and qualify under at least one of the three subdivisions of Rule 23(b). Rule 23(a) has four requirements: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of those of the class; and (4) the representative parties must be able to fairly and adequately protect the interests of the class. As regards Rule 23(b), plaintiffs assert that subdivision (b)(2) is applicable. This subdivision requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Each requirement will be analyzed to determine whether it is met.

▪ Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." No consistent standard for numerosity has been developed. The issue of numerosity is resolved by consideration of the particular circumstances surrounding each case. *Cypress v. Newport News General & Nonsectarian Hospital Assn.*, 375 F.2d 648, 653 (4th Cir. 1967). No specific number is required to maintain a class action. *Ballard v. Blue Shield of Southern West Virginia, Inc.*, 543 F.2d 1075, 1080 (4th Cir.1976). Courts have certified classes containing as few as twenty members. *Arkansas Education Assn. v. Board of Education*, 446 F.2d 763 (8th Cir.1971). A good faith estimate of the number of class members is sufficient to satisfy the numerosity requirement. *Long v. Thornton Township High School Dist. 205*, 82 F.R.D. 186, 189 (N.D.Ill.1979).

Plaintiffs estimate that the proposed class consists of over 250 members. They state that there are over 52 licensed operators in the Amateur Radio Service and over 200 operators in the Citizens Band Radio Service who reside within the City of Burbank. As joinder of over 250 people is clearly impractical, it would appear that the numerosity requirement is satisfied.

Defendants assert that plaintiff's complaint alleges two instances of unconstitutional conduct involving not 250 individuals but two who could easily be joined. Were plaintiff's complaint merely a challenge to the ordinance's constitutionality as applied, defendant's argument would have some merit. However, the instant lawsuit also involves a facial challenge by the 250 individuals who are subject to the ordinance. Thus, the issue is not whether two people

can be joined but whether 250 people could be joined.

Defendants also assert that if the two individuals who were subject to application of the ordinance were joined, no need for class action would exist. Defendants contend that since the ordinance is being challenged on its face and as applied, any benefits resulting from declaring the ordinance unconstitutional would accrue to all potential class members. Defendants reason that class action is unnecessary since the named plaintiffs can achieve the same desired results. Defendants cite *Alliance to End Repression v. Rochford*, 565 F.2d 975 (7th Cir.1977), and *Hernandez v. United States Fire Insurance Co.*, 79 F.R.D. 419, 429 (N.D.Ill.1978) as support for their contention that class certification may be denied when there is no need for class action. Defendants' contention, however, is without merit.

▇▇▇ The Seventh Circuit has clearly stated that "a Court may not deny class status because there is no 'need' for it." *Fujishima v. Board of Education*, 460 F.2d 1355, 1360 (7th Cir.1972). Although for practical purposes unnecessary, class certification may not be denied on the ground of lack of need if the prerequisites of Rule 23 are met. *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir.1978); *Vickers v. Trainor*, 546 F.2d 739, 747 (7th Cir.1976).

Defendants' reliance on *Rochford* and *Hernandez*, while seemingly well placed, nevertheless does not sway the Court. In *Rochford*, the Court in dicta and without citing precedent, suggested that "need" is an appropriate factor for consideration only if, *inter alia*, the suit is a facial challenge to a statute's constitutionality and not a challenge to the statute as applied. As the court has previously noted, class certification in the instant case is warranted because of the number of individuals affected by the statute's alleged facial unconstitutionality. Thus, were *Rochford* a correct recitation of the law of this Circuit, it would be quite persuasive. However, *Rochford* does not represent the law of this

Circuit and has not been followed for the propositions relied upon by defendants.

Despite the well-reasoned urgings of *Rochford*, it does not appear that "need" is an appropriate factor for consideration in the determination of whether a case should proceed as a class action, even in matters involving facial challenges to a statute's constitutionality. Indeed, both *Fujishima, supra*, decided prior to and ignored by *Rochford*, and *Vergara, supra*, decided after, involved facial challenges. In both cases, the Court plainly stated that need was not an appropriate factor for consideration. *See also Vickers v. Trainor*, 546 F.2d 739, 747 (7th Cir.1976).

Similarly, *Hernandez* does not support denial of class certification in the case at bar. In a footnote, the court in *Hernandez* stated that there is no need to certify a class for purposes of injunctive relief. *Hernandez* at 429. However, the suit in *Hernandez* did not involve injunctive relief and the court did certify the proposed class. The footnote regarding lack of need is mere dicta and is contrary to Fed.R. Civ.P. 23(b)(2) which authorizes class actions when injunctive relief is involved. In light of the clear position adopted by the Seventh Circuit regarding the need requirement in class actions, *Hernandez* does not compel denial of class certification in the case at bar based on lack of need. In light of the foregoing discussion, the numerosity requirement of Rule 23(a)(1) is clearly met in the instant case.

▇▇▇ Rule 23(a)(2) requires that "there [must be] questions of fact or law common to the class." All questions of fact and law need not be identical. There must be at least one common element of law or fact between all the class members. *Like v. Carter*, 448 F.2d 798 (8th Cir.1971). In the case at bar, the commonality requirement is satisfied as a common question of law exists in the interpretation and validity of the challenged Burbank ordinance.

▇▇▇ Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be] typical of the claims or

defenses of the class." This requirement is satisfied unless the named plaintiffs present unique claims personal to them which are likely to be the major focus of litigation. *See Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir.1980), *cert. denied* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). The absence of conflict of interest is a criterion of typicality. 6 Fed.Proc., L.Ed. § 12:82.

The typicality requirement is satisfied. The legal claims of the class members are identical. The named plaintiffs do not possess any unique claims or defenses or have any interests which conflict with those of the other class members. The named plaintiffs challenge the constitutionality of the Burbank ordinance facially and as applied. The named plaintiffs and class members will all benefit identically from success of the case at bar. Although the named plaintiffs have differing factual circumstances, the differences do not alter the legal claims involved in the case at bar or create conflicting interests between the named plaintiffs and the other class members. Thus, there is no need for factual identity of the named plaintiffs' claims and those of the class they seek to represent. *Senter v. General Motors Corp.*, 532 F.2d 511, 514 (6th Cir.1976).

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Two elements frequently employed to determine adequacy of representation are the skill of the attorney to prosecute the case and the lack of conflict between the representatives and those of the class. *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555 (2nd Cir.1968); *Massengill v. Board of Education, Antioch Community High*, 88 F.R.D. 181 (N.D.Ill.1980). This requirement overlaps with that of Rule 23(a)(3). Thus, it usually focuses on whether the plaintiffs and counsel will vigorously prosecute the claims. The qualifications of counsel and the personal characteristics of the representatives are valid considerations. *Susman v. Lincoln American Corp.*, 561 F.2d 86 (7th Cir.1977); *Hernandez v. United Fire Insurance Corp.*, 79 F.R.D. 419 (N.D. Ill.1978).

The named plaintiffs will benefit from success in this action in the same manner as the class members. The named plaintiffs are subject to the challenged ordinance, providing incentive to adequately pursue this action. The named plaintiffs appear to be satisfactory representatives in this class action.

Plaintiffs' attorneys also satisfy this requirement. Counsel are experienced in litigation and demonstrate the ability and interest to vigorously pursue this action.

All of the requirements of Rule 23(a) are satisfied. Certification of the class is proper if one of the three subdivisions of Rule 23(b) are met. Plaintiffs seek certification only under Rule 23(b)(2) which permits certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

In this action, plaintiffs seek declaratory and injunctive relief. Plaintiffs contend that the defendants have enacted and enforced ordinances which violate their rights under the United States Constitution and federal statutes regulations. No money damages are requested.

The requirements of Rule 23(b)(2) are satisfied. This subdivision is applicable where broad questions of constitutional or statutory law are involved as are present in this action. *See Watson v. Branch County Bank*, 380 F.Supp. 945 (W.D.Mich.1974). By enacting and enforcing the challenged ordinance, the defendants have acted in a manner applicable to the class. The requested relief is appropriate under these circumstances.

### Conclusion

For the reasons set out herein, it is clear that the requirements of Rule 23 are satisfied, justifying certification of the class. The class shall consist of all residents of the City of Burbank, Illinois who hold oper-

**64**

ator and station licenses in the Amateur Radio Service or Citizens Band Radio Service issued by the Federal Communications Commission, and who operate or maintain a radio station licensed or authorized by the Federal Communications Commission in either Service within the corporate limits of the City of Burbank, Illinois. Thus, plaintiffs' motion for class certification is granted and this action may be maintained as a class action under Fed.R.Civ.P. 23(b)(2).

IT IS SO ORDERED.