**HERITAGE OPERATIONS GROUP, LLC, et al., Plaintiffs,**

v.

**Felicia F. NORWOOD, in her official capacity as the Director of Illinois Department of Healthcare and Family Services, Defendant.**

No. 1:16–cv–10614

United States District Court,
N.D. Illinois,
Eastern Division.

Signed June 23, 2017

Katie Z. Van Lake, Harrisburg, PA, for Plaintiffs.

Brian Franklin Kolp, Michael D. Arnold, Office of the Illinois Attorney General, Chicago, IL, for Defendant.

## Order

Elaine E. Bucklo, United States District Judge

In this putative class action, Heritage Operations Group, LLC, the nursing care facilities it operates, and Medicaid-eligible residents of those facilities (collectively "plaintiffs") sue Felicia Norwood, Director of the Illinois Department of Healthcare and Family Services ("HFS"), in her official capacity, seeking declaratory and injunctive relief for violations of Title XIX of the Social Security Act (the "Medicaid Act") and its implementing regulations, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Fourteenth Amendment. Before me is plaintiffs' Motion for Class Certification [ECF No. 9], which I grant for the reasons set forth below.

### I.

This is one of several related cases brought by healthcare providers and their

Medicaid-eligible long-term nursing care patients who seek Medicaid coverage under Illinois's state plan. In this case, Heritage Operations Group, LLC, an Illinois company that manages and operates nursing facilities throughout the state of Illinois, sues, along with twelve of the facilities it manages (together "institutional plaintiffs"), as the authorized representative of its residents who have allegedly applied for, but have not received, Medicaid benefits.

These purportedly Medicaid-eligible residents are also plaintiffs in this matter ("patient plaintiffs"). The patient plaintiffs fall into two major categories: (1) those who are awaiting Medicaid eligibility determinations and (2) those who, despite receiving approval, are still awaiting Medicaid benefits.

Plaintiffs have brought suit against Felicia Norwood, the Director of the Illinois Department of Healthcare and Family Services, in her official capacity, in an effort to make the agency comply with federal law. They allege that defendant Norwood has failed to process plaintiffs' Medicaid applications, render eligibility determinations, and provide Medicaid benefits with reasonable promptness, as required by the Medicaid Act and its implementing regulations. Plaintiffs additionally assert that defendant Norwood's inaction constitutes violations of the ADA, Section 504 of the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs ultimately seek injunctive and declaratory relief to ensure the defendant's future compliance with the Medicaid statute.

Plaintiffs seek to certify a class of Heritage residents who have not promptly received Medicaid benefits. Plaintiffs propose a class consisting of the following:

All disabled and/or medically needy persons who require long term care at a skilled nursing facility and have received nursing care at a skilled nursing facility managed and operated by Heritage Operations Group, LLC, who are eligible for Medicaid and who submitted Medicaid applications and either 1) have not received a determination on their application by Defendant within forty-five days of submitting their application, or 2) who were ap-

proved for Medicaid benefits, and who have not received payment for their nursing care within twelve months of the date that benefits were approved to begin.

## II.

█ For a proposed class to be certified, it must meet the prerequisites of Federal Rule of Civil Procedure 23(a) and satisfy at least one of three requirements in Rule 23(b). *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). Rule 23(a) establishes four threshold requirements that all class actions must meet:

(1) the class [must be] so numerous that joinder of all members is impracticable (numerosity);

(2) there [must be] questions of law or fact common to the class (commonality);

(3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class (typicality); and

(4) the representative parties [must] fairly and adequately protect the interests of the class (adequacy of representation).

*Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015). Rule 23(b)(2)—which plaintiffs invoke here—permits class certification where a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360, 131 S.Ct. 2541. It is plaintiffs' burden to demonstrate by a preponderance of the evidence that all of the applicable Rule 23 factors are met. *Chicago Teachers Union*, 797 F.3d at 433. I have broad discretion to determine whether class certification is appropriate. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).

There is no magic number needed to satisfy Rule 23(a)(1)'s numerosity requirement. *Mulvania*, 850 F.3d at 859. Nonetheless, courts often find that classes with more than forty members are sufficiently numerous. *Id.* Plaintiffs also need not "demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates." *Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 333 (N.D. Ill. 2009). According to plaintiffs, their proposed class in this case would include approximately three hundred individuals. Plaintiffs support this number through financial records that identify specific individuals who plaintiffs assert would be included in the proposed class. I agree with plaintiffs that this showing is sufficient to meet the numerosity requirement.

To meet Rule 23(a)'s commonality requirement, plaintiffs have to show that there is at least one question of law or fact that is common to the class. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014). A common question exists "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Id.* at 756. The putative class members' claims must "depend on a common contention that is capable of class-wide resolution." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015).

In the present case, the proposed class claims "all derive from a single course of conduct" by the defendant—namely, defendant Norwood's failure to timely process applications and provide Medicaid benefits. *Suchanek*, 764 F.3d at 756. Defendant's alleged inaction is "at the heart of [each] claim in the complaint. . . . [and] is common to all the class members." *Peterson v. H & R Block Tax Servs., Inc.*, 174 F.R.D. 78, 82 (N.D. Ill. 1997). Because each count turns on whether defendant has failed to comply with federal requirements regarding the provision of Medicaid benefits, a class-wide proceeding could "generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350, 131 S.Ct. 2541 (emphasis omitted).

Similar to the commonality inquiry, Rule 23(a)'s typicality analysis ensures that named plaintiffs' claims "have the same essential characteristics as the claims of the class" they seek to represent. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (ellipses omitted). A claim is sufficiently typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [it is] based on the same legal theory." *Id.* (ellipses omitted). Individuals with "idiosyncratic or possibly unique" claims are not appropriate class representatives. *Suchanek*, 764 F.3d at 758.

Plaintiffs' proposed class encompasses two groups of putative class members: (1) Heritage residents whose applications for benefits have been pending beyond the Medicaid regulations' time limits and (2) Heritage residents whose applications have been approved but have not timely received Medicaid benefits. Plaintiffs clearly meet the typicality requirement for the latter group. Named plaintiffs like Norma McKinzie and Janet Adkins have been approved but have not received Medicaid benefits in the form of financial assistance for their long-term nursing care. Compl. ¶¶ 3, 19. Plaintiffs allege that defendant's failure to timely furnish benefits to approved residents like McKinzie and Adkins violates the Medicaid Act and its implementing regulations. The named plaintiffs with approved applications assert claims that are typical of the class.

The other group of named plaintiffs—those still awaiting eligibility determinations—present a more complicated typicality question. Defendant asserts in her response brief that, upon information and belief, all in this group but plaintiff F.J. Rush have now received eligibility determinations. Plaintiffs do not dispute this in their reply. Defendant argues that plaintiff Rush's claims are not typical of the class because her authorized representative's requested extensions have caused her eligibility determination delay. Plaintiffs respond that these extensions do not render Rush's claim atypical. Plaintiffs are correct that the "typicality requirement may be satisfied even if there are factual distinctions be-

tween the claims of the named plaintiffs and those of other class members." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Plaintiff Rush claims that she was subjected to the same allegedly unlawful practice as the rest of the class: defendant Norwood's failure to promptly determine eligibility and provide benefits. Her claim is therefore typical, even if factual differences exist. *Compare De La Fuente*, 713 F.2d at 232–33 (finding typicality requirement met where named plaintiffs were subject to and challenging the same policies as the class as a whole), *with Oshana*, 472 F.3d at 514 (finding typicality not met where the named plaintiff was only person in large proposed class who claimed that defendant deceived customers).

 The final requirement of Rule 23(a) concerns the adequacy of the proposed class representation. "The adequacy inquiry … serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Class representation is deemed fair and adequate "where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009), *aff'd*, 606 F.3d 391 (7th Cir. 2010). Defendant has not challenged the adequacy of class counsel nor identified any conflicts that would prevent adequate representation.

 Because plaintiffs have met the Rule 23(a) threshold requirements, I must evaluate whether plaintiffs may maintain a class action under Rule 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted." *Dukes*, 564 U.S. at 360, 131 S.Ct. 2541 (internal quotation marks omitted). A Rule 23(b)(2) class is thus appropriate when plaintiffs seek "to require the defendant to do or not do something that would benefit the whole class." *Chicago Teachers Union*, 797 F.3d at 441. Here, plaintiffs seek to do just that. Plaintiffs request declaratory and injunctive relief that would require defendant to comply with the timeliness and benefit requirements of the Medicaid Act, which would benefit the whole class. It would be difficult to argue that this requested equitable relief did not fit within Rule 23(b)(2)'s gamut, and, indeed, defendant offers no such argument.

The last issue is the class definition. Defendant argues that the definition proposed by plaintiffs is inconsistent with the allegations in the complaint. Plaintiffs in reply sought a modified definition. The court has discretion to define the class. *See Buycks–Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328 (N.D. Ill. 1995); *Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 397 n.2 (N.D. Ill. 1987). I agree that some modification of plaintiffs' proposed definition is appropriate. I will certify the following class:

> All disabled and/or medically needy persons who require long term care at a skilled nursing facility and are residing at a skilled nursing facility managed and operated by Heritage Operations Group, LLC, who are eligible for Medicaid and who submitted Medicaid applications and either 1) have not received a determination on their application by Defendant within forty-five days of submitting their application, or 2) who were approved for Medicaid benefits, and who have not received payment for their nursing care within twelve months of the date that benefits were approved to begin.

### III.

For the foregoing reasons, plaintiffs' motion for class certification is granted.